UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:7-cr-15-DLB-EBA-2

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.                           **MAGISTRATE JUDGE'S REPORT
                              AND RECOMMENDATION**

JOHN J. RIGGS,                                                                         DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

Defendant John Riggs appeared before the Court for a final revocation hearing on April 12, 2017, based upon alleged violations of the conditions of supervised release documented in Probation's December 24, 2014 Violation Report and April 5, 2017 Addendum[1]. [R. 283]. At the hearing, Riggs was present and represented by appointed counsel Richard Hughes, and the United States was represented by and through Assistant U.S. Attorney Erin Roth.

The parties advised the Court that they had reached an agreement as to whether Riggs should have his supervision revoked. Per the terms of this agreement, Defendant would plead guilty to Violation No. 2, admitting that he had possessed a gram of crack cocaine on September 3, 2014, which was his only Grade A violation among the nine violations alleged in the December 24, 2014 report. In exchange, the government would move to dismiss all remaining violations. The parties clarified that they had not reached an agreement as to potential sentence, and would be presenting arguments on that issue during the final hearing. Pursuant to the

---

[1] Probation's April 5, 2017 Addendum does not allege additional violations, but rather, provides a status update as to Violations No. 1, 2, and 3 from the December 24, 2014 Violation Report, and the West Virginia state charges related to those violations. The Addendum reports that the state dismissed all charges related to Violations # 1 and 2, and that Riggs pled guilty and was sentenced on the charges related to Violation # 3.

1

agreement, Defendant then stipulated and pled guilty to Violation No. 2, and as a result, the government made an oral motion to dismissal all other violations. Defendant waived his right to a final hearing, and waived his right of allocution before the U.S. District Judge.

For reasons set forth below, the undersigned recommends that Riggs be found guilty of Violation No. 2, finding his guilt was established by a preponderance of the evidence. The undersigned further recommends that Riggs' supervised release be revoked, and that he be sentenced to twenty-four months of imprisonment, with no supervised release to follow.

## **FINDINGS OF FACT**

At the final revocation hearing, Defendant stated that all facts and allegations in Probation's December 24, 2014 Violation Report were true and correct. More specifically, Defendant admitted that, as alleged under Violation No. 2, on September 3, 2014, he possessed a gram of crack cocaine. Defendant also admitted that, as reported, one gram of crack cocaine was found in the vehicle he was driving when arrested, which was broken apart and packaged separately. He further admitted that no utensils or paraphernalia used in the consumption of crack cocaine were located in the vehicle, indicating that the crack was not intended for personal consumption.

As a result of these admissions, the undersigned finds by a preponderance of the evidence that Defendant has committed the following violations of the conditions of supervision:

FROM THE VIOLATION REPORT OF DECEMBER 24, 2014:

*Violation No. 2*: Standard Condition of Supervised Release: <u>The defendant shall not commit another federal, state or local crime</u>.

On September 3, 2014, Mr. Riggs possessed with intent to deliver a gram of crack cocaine, a controlled substance, in violation of West Virginia Code 60A-4-401(a). A gram of crack cocaine was found in the vehicle. This is a **Grade A** Violation.

The Court recommends that Defendant be found guilty of Violations No. 2, where his guilt has been established by a preponderance of the evidence, and he has admitted that all facts and allegations regarding that violation, as reported by Probation's December 24, 2014 Violation Report, are true.

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors as set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On February 11, 2008, John Riggs was sentenced to twenty (20) months of imprisonment, followed by three (3) years of supervised release, after pleading guilty to Passing Counterfeit Currency, in violation of Title 18 U.S.C. §§ 472, 2. He was given the standard conditions of supervision adopted by the Eastern District of Kentucky, along with a number of special conditions primarily designed to address his substance abuse issues and deter any additional drug or alcohol use.

As previously reported in Probation's January 19, 2010 Violation Report, Riggs tested positive for Oxycodone on December 8, 2009, but he was allowed to remain on supervision while continuing substance abuse treatment at Transitions, Inc. Then, on April 23, 2010, a second Violation Report was forwarded to this Court, reporting numerous violations; the report specifically alleged that Riggs had been charged with numerous counts of Criminal Possession of

a Forged Instrument (2nd Degree) in Boyd and Greenup County, Kentucky, had submitted a urinalysis which tested positive for Oxycodone, had provided diluted urine specimens, and had unauthorized contact with a convicted felon. On the above-noted state charges, Defendant was sentenced to a five (5) year term of imprisonment, and his term of federal supervision, as well as his sentence of time served, were revoked as a result.

On June 12, 2013, Defendant's supervision was revoked for a reason not specified in the December 24, 2014 Report, and he was sentenced to time served, followed by a three (3) year term of supervised release. On June 12, 2013, he began that term of supervision through the Ashland, Kentucky Probation Office. On August 12, 2013, the Court received yet another Violation Report from Probation, stating that Defendant had admitted to drinking alcohol on August 10, 2013. He was once again allowed to continue on supervised release and remain in substance abuse treatment.

His September 3, 2014 arrest in Huntington, West Virginia and resulting state charges gave rise to the present violations and proceedings. According to the December 24, 2014 Violation Report, Riggs was arrested and charged with Driving Under the Influence in violation of West Virginia Code 17C-5-2(d), a crime punishable by up to six (6) months in jail. This Grade C violation was still pending at the time of Probation's December 2014 report. The April 5, 2017 Addendum indicates that on April 30, 2015, Riggs was indicted in Cabell County Circuit Court on that charge (case # changed to 15-F-199), but on January 30, 2016 the state court entered a Nolle Prosequi Order dismissing the case, pursuant to its decision to no longer prosecute this matter.

Additionally, as a result of his September 3, 2014 arrest, Defendant was also charged by this Court with Violation No. 2 to which he has pled guilty: his possession with intent to deliver a controlled substance, in violation of West Virginia Code 60A-4-401(a). According to the criminal complaint, approximately one (1) gram of crack cocaine was found by West Virginia police in the vehicle Defendant was driving. That state charge, also previously reported as still-pending in December of 2014, has since been dismissed by the State of West Virginia via a Nolle Prosequi Order. Though Defendant has only stipulated to Violation No. 2 per his agreement with the government, the undersigned notes that Probation's original December 24, 2014 report alleged a total of nine violations, ranging from alleged failures to notify probation of his change of residence, to attend substance abuse treatment sessions, to pay child support, to having an active warrant for fraudulent credit card use at the time of his arrest.

The Court held Defendant's final revocation hearing on April 7, 2017. At that hearing, Defendant stipulated and pled guilty to Violation No. 2, and pursuant to its agreement with Defendant, the government then orally moved to dismissal all other violations. The Court took the government's motion to dismiss under advisement. Defendant waived his right to a final hearing, and waived his right of allocution before the U.S. District Judge.

The parties then presented arguments as to what sentence the Court should impose in light of Defendant's admission. Riggs' defense counsel stated he has known Defendant for a long time, and insisted he is not the same person he once was; though Defendant has "been an addict for a long time," he has been incarcerated for the past 29 months, which has helped curb his physical addiction, and is now involved in substance abuse programs that are helping him. Defense argued that Defendant has done everything he could in the past 29 months to "straighten

his life out," avoiding the drugs that are all too prevalent in the prison system. He is married with two children, has been approved for home placement, and "deserves a chance with this one," despite this not being his first time before the Court on revocation proceedings. Defense added that Defendant has always come forward and accepted responsibility for the violations he commits, and for these reasons, requested that the Court minimize his term of incarceration, or consider other avenues besides incarceration to help rehabilitate the Defendant and prove that he is a changed man.

Defendant then briefly gave a statement, saying he does not want to make excuses, and explained how his addictions began early on after a sports injury. He referred to the in-house treatment program in which he has been involved, where he was treated for 13 months and was part of a mentor program, stressing he learned how to "stand for something" there. Defendant added that, regardless of what sentence the Court imposes, he understands that his addiction is a life-or-death situation for him. He is eager to get this violation behind him, and feels transformed and motivated. Defendant requested that the Court consider some alternative form of punishment that would enable him to continue his treatment, and asked that his time served be taken into account by the Court in a sentence.

The government rebutted these statements, noting that Defendant's past and criminal history make it difficult to recommend anything short of a harsh sentence, given that this is the fourth time the Court has received report of Defendant's violating supervision. The government added that this is not the first time Defendant has declared he is rehabilitated, and expressed that his recent time served on state charges should really not affect his sentence at the federal level, as they are two separate cases and should be treated as such. The government recommended the

Court impose the statutory maximum sentence of 24 months, or two years, noting that this would still be below the revocation guidelines' recommended sentence range of 30-37 months.

The Court finds that Defendant's history and characteristics weigh in favor of revocation, and in favor of a lengthy sentence. Riggs has not shown that he is willing to comply with Court orders. Following his sentencing in 2008 after pleading guilty to passing counterfeit currency, he tested positive for Oxycodone in December 2009, tested positive for Oxycodone in April 2010, was charged with criminal possession of a forged instrument in April 2010 and sentenced to five years, had his supervision revoked and then re-imposed in June 2013, admitted to Probation that he drank alcohol in August 2013, was arrested with crack cocaine in September 2014, and pled guilty in Greenup County Circuit Court to fraudulent credit card use in July 2015 and was sentenced to another three years. Riggs has had violations almost annually since his original guilty plea to passing counterfeit currency in 2008, and those years without violations are more often than not the same years he was incarcerated.

Furthermore, according to his Presentence Investigation Report, Defendant has a history of substance abuse history which weighs against further supervision, given the nature of the recent violation. He began drinking and experimenting with marijuana during his late teenage years, first began using cocaine and crack in 2000, and eventually began using OxyContin, Lorcet, and Percocet, taking as many as ten pills a day. He admitted being addicted to these narcotic pain medications, according to the PSR. Moreover, his criminal history includes a conviction for possession of a controlled substance and operating a motor vehicle in 2002, a conviction for operating a motor vehicle under the influence of drugs or alcohol and trafficking marijuana (less than 8 ounces, first offense) in 2003, and burglary convictions in 2004 and 2005.

7

Based upon his track record, and the fact that his violations do not seem to be lessening in either frequency or seriousness, the Court finds a significant sentence is deserved here. He was arrested with crack cocaine, which looked like it had been prepared for distribution, and the fact that no personal contraband was found to use the crack bolsters the likelihood that it was for sale. The violation to which he has pled guilty is serious, enough so to justify a substantial penalty, which is also what the government recommended.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.**

There is a need here for the sentence to reflect the seriousness of this offense. While Defendant sounds earnest enough during his hearings, assuring the Court he means to keep moving in a positive direction and benefit from his substance abuse treatments, crimes like the underlying crack cocaine violations reflect a polar opposite unwillingness to comply. Not only is the underlying offense serious, but the long-term pattern Defendant has established through various violations and bad decisions is concerning. The public is placed at risk anytime crack cocaine is used or distributed, and combined with Defendant's history of DUIs and similar charges, the Court must consider the need to protect the public as well here.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.** According to U.S.S.G. §7B1.1, the defendant's most significant violation is a Grade A Violation. The criminal history category established at sentencing is a Category V. The revocation guidelines call for an imprisonment range of 30-37 months pursuant to U.S.S.G.

§7B1.4(a). Where the original offense is a Class C Felony, the maximum term of imprisonment that can be imposed upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3). The maximum re-imposition term of supervised release authorized by statute is three (3) years, pursuant to Title 18, U.S.C. §3583(b)(2), minus the custodial sentence levied upon revocation.

## RECOMMENDATION

For the reasons stated herein, IT IS RECOMMENDED THAT:

(1) Defendant John Riggs be found GUILTY of Violation No. 2; and

(2) Defendant's supervised release be REVOKED, and that he be sentenced to twenty-four (24) months of imprisonment, with no supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 21, 2017.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge